IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**NORMAN HOLTON,**

    **Plaintiff,**

vs.                                          **CASE NO. 4:07CV291-SPM/AK**

**DEPARTMENT OF CHILDREN,**
et al,
    **Defendants.**

                            /

## REPORT AND RECOMMENDATION

Plaintiff brings this cause of action as a *pro se* person proceeding *in forma pauperis* and being held as a civilly detained person at Florida State Hospital. He has filed a motion for preliminary injunction (doc. 8) and a second amended complaint (doc. 19) alleging a number of claims against a number of defendants at the hospital. The undersigned is of the opinion that the case should be dismissed and the motion for injunctive relief denied because the undersigned finds that the facts are clearly baseless.

I.    **Second Amended Complaint**

Plaintiff has now filed three complaints alleging abuse, harassment, defamation, torture, and coercion by a number of employees and other patients at the hospital. He has attached a mental health report dated May 9, 2007, which establishes that he has a severe mental condition which causes delusions and makes it difficult for him to

differentiate between fantasy and reality. At the time the report was made, Plaintiff reported torture and abuse by hospital staff, teenagers in his neighborhood, persons in the Navy, and officers in the jail. He suffered from paranoid ideation and had numerous incidents of aggression towards others in the hospital for which he took no blame and complained that their behavior provoked his attacks. He was diagnosed with severe Schizoaffective Disorder.

## II.     Motion for injunctive relief

In his motion, Plaintiff has set a hearing himself to prevent the defendants from discriminating against him for reporting them to the abuse hotline and to refrain from their abuse.

## III.    Standard of Review

A court may dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. *Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972). However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995). It cannot be assumed that a Plaintiff will prove facts which have not been alleged. Quality Foods de Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California, Inc. v. California State Council of Carpenters,

459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983).  Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice."  Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).  Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it.  Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

The Court is required to dismiss a complaint at any time if it is determined to be frivolous.  28 U.S.C. §1915(e)(2)(B)(I).  Typically, a court should serve the complaint and have benefit of the defendant's response before making such a determination, but there are compelling reasons for immediately dismissing frivolous suits by prisoners since they unduly burden the courts, obscure meritorious claims, and require innocent parties to expend significant resources in their defense. Williams v. Secretary for the Department of Corrections, 131 Fed. Appx. 682, 686 (11th Cir. 2005).  Dismissal prior to service is also appropriate when the Court determines from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless.  Williams, *supra*; Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).

**IV.  Analysis**

The undersigned is of the opinion that the claims made in the second amended complaint and motion for injunctive relief are frivolous and not based in reality.  Plaintiff has been provided three opportunities to provide factual details on the claims, but he basically repeats the same allegations generally that he is being abused by a number of

**No. 4:07cv291-SPM/AK**

people.  It is the opinion of the undersigned that based on the mental health history attached to the pleading, the incoherent nature of the pleading, and the reasons underlying his civil commitment it would be a waste of judicial resources to continue with this lawsuit and unduly burdensome on the persons named in the lawsuit to defend against what are obviously baseless claims.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's second amended complaint (doc. 19) be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Motion for Injunctive Relief (doc. 8) be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 27th Day of December, 2007.

s/ A Kornblum_____
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

**No. 4:07cv291-SPM/AK**